## City of Chicago v. Anita McC. Blaine.

### Gen. No. 12,354.

1. SPECIAL ASSESSMENT REBATES—*when may be recovered.* The decision in this case upon this point is controlled by the opinions filed in the following cases: City of Chicago v. Singer, 116 Ill. App. 559; City of Chicago v. McCormick, 124 App. 639; City of Chicago v. Paulsen, No. 12,302; City of Chicago v. Fisk, 123 App. 404.

2. DAMAGES—*when will be awarded on affirmance.* Where the only questions presented for review have been previously fully determined by repeated decisions, statutory damages will be awarded upon affirmance.

Action of assumpsit. Appeal from the County Court of Cook County; the Hon. DWIGHT C. HAVEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed with damages. Opinion filed April 10, 1906.

ROBERT REDFIELD and FRANK JOHNSTON, JR., for appellant; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

E. C. WESTWOOD, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellee sued appellant in assumpsit before a justice of the peace to recover $91.68 claimed as rebate due her on special assessments levied for grading and paving Rush street, and curbing, filling and paving Laughton street in the city of Chicago. On appeal to the County Court a jury was waived and the case was submitted to the court on a stipulation of facts. Appellee paid two special assessments for street improvements upon certain real estate owned by her. It was subsequently ascertained that she had paid $71.67 in excess of her proportionate share of the cost of the Laughton street improvement and that said sum was due her as rebate thereon. Appellee also paid $71.96 in excess of her proportionate share of the cost of the Rush street improvement, and that said sum was due her as rebate. Afterwards on April 22, 1903, appellant paid appel-

lee on account of said rebate the sum of $58.28, leaving a balance due thereon of $13.68. This sum, together with the $71.67 due on the Laughton street improvement, is shown to be due to appellee with interest thereon. The stipulation of facts shows that according to the bookkeeping of the city there is nothing to the credit of the Rush street fund, and that there is a credit balance of $951.74 in the Laughton street fund.

The questions presented by appellant on this appeal have been frequently passed upon by this court. City of Chicago v. Singer, 116 Ill. App. 559; City of Chicago v. Mc-Cormick, 124 App. 639; City of Chicago v. Paulsen, No. 12,302; City of Chicago v. Fisk, 123 App. 404. For the reasons stated in the foregoing cases the judgment of the County Court is affirmed with statutory ten per centum damages, it being obvious that this appeal was prosecuted for delay.

*Affirmed with ten per centum damages.*